UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-63-H

BRUCE HILLBERRY                                                                                    PLAINTIFF

V.

WAL-MART STORES EAST, L.P.                                                            DEFENDANT

**MEMORANDUM AND ORDER**

This is a *pro se* action against Wal-Mart in which Plaintiff charges, among other things, that Defendant unlawfully required identification prior to allowing Plaintiff's credit card purchase. Initially and over Plaintiff's objections, the Court determined that Defendant's removal to federal court was timely. Plaintiff disagreed with this decision so vehemently that he attempted an appeal to the Sixth Circuit and then to the United States Supreme Court. Such an appeal was not allowed of course. Plaintiff needs to understand that simply because the Court held against him on an issue and asked probing questions about his complaint, that does not mean that the Court is biased against him. So far, this and other procedural disputes have prevented the case from advancing to consideration of any substantive issues.

During the same time, the Court attempted to assist Plaintiff by making sure that the proper defendant was before the Court. Initially, Plaintiff brought this action against an entity styled "Wal-Mart." Counsel removed this case to federal court on behalf of "Wal-Mart Stores East, L.P.," which counsel says is the proper corporate defendant. Apparently no corporation

exists by the name of "Wal-Mart" or "Wal-Mart Corporation."[1] After the removal, Plaintiff actually adopted "Wal-Mart Stores East, L.P. as the new defendant on several of his pleadings.

In a March 11, 2005, pleading, Plaintiff for the first time raised the issue that Wal-Mart Stores East was not the actual defendant and that the case was improperly removed as a consequence. The Court can only remember that counsel for the Wal-Mart entities suggested the change during an initial conference. Otherwise, counsel suggested that Plaintiff would be proceeding against a non-entity.

As a consequence of Plaintiff's strong objections, the Court has reconsidered whether this case was properly removed in the name of Wal-Mart Stores East, L.P. Under Kentucky law, a mistake as to a corporate name may be amended. *George H. Rommel Co. v. Greenwell*, 273 S.W. 2d 46 (Ky. 1954). Even where no amendment takes place, case law has rejected a corporation defendant's claim that its removal was timely because the original state court complaint named the wrong defendant (a non-entity) and the case was not removable until such time that the plaintiff amended the complaint to name the correct entity. *See, e.g., Brown v. New Jersey Mfrs. Ins. Group,* 332 F.Supp. 2d 947 (M.D. Tenn. 2004); *Iulianelli v Lionel, L.L.C.*, 183 F.Supp.2d 962, 966 (E.D. Mich. 2002) (holding that "[t]his need for substitution [of the proper party] in no way affected the federal-question ground for removal"); *Brizendine v. Continental Cas. Co.*, 773 F.Supp. 313 (N.D. Ala. 1991) (which flatly rejected the same type of argument advanced by Hillberry when raised by the defendant corporation); and *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424 (E.D. Wis. 1986). These cases suggest that if the proper defendant company is on notice that the wrong company defendant has been named but has a duty to

---

[1] It may be that a corporation exists by the name of "Wal-Mart, Inc."

2

remove nonetheless. Consequently, Wal-Mart Stores East properly removed notwithstanding the fact that Hillberry did not name the proper defendant and never amended his complaint to name the correct defendant.

The Southern District of Ohio has defined the "real party in interest defendant" quite nicely:

> It is also a long-established doctrine that a federal court, in its determination of whether there is diversity of citizenship between the parties, must disregard nominal or formal parties to the action and determine jurisdiction based only upon the citizenship of the real parties to the controversy. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).
>
>> Early in its history, [the Supreme Court] established that the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. *McNutt v. Bland*, 2 How. 9, 15 [11 L.Ed. 159] (1844); *see Marshall v. Baltimore & Ohio R. Co.*, 16 How. 314, 328-329 [14 L.Ed. 953] (1854); *Coal Co. v. Blatchford*, 11 Wall. 172, 177 [20 L.Ed. 179] (1871). Thus a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. *E.g., McNutt v. Bland*, *supra* [2 How], at 14; see 6 C. Wright & A. Miller, Federal Practice & Procedure § 1556, pp. 710-711 (1971).
>
> *Id.* at 460-61, 100 S.Ct. at 1781-82; *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 190, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924). A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. *Sun Oil Co. of Pennsylvania v. Pennsylvania Dept. of Labor & Industry,* 365 F.Supp. 1403, 1406 (E.D. Pa. 1973). In contrast to a "real party in interest," a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit, *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952) *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 736 (E.D. Ky. 1981), or no actual interest or control over the subject matter of the litigation. *Stonybrook Tenants Ass'n, Inc. v. Alpert,* 194 F.Supp. 552, 556 (D.Conn. 1961).

*Rose v. Giamatti*, 721 F.Supp. 906 (S.D. Ohio 1989). Based upon this definition, it appears that Wal-Mart Stores East, L.P. is the "real party in interest" and is substitutable as such. *See* Fed. R.

3

Civ. P. 17(a).

The Court concludes that Wal-Mart Stores East, L.P. is the real party in interest defendant. Just as important, Wal-Mart Stores East, L.P., reasonably believed itself to be the real party in interest. Consequently, it probably had an obligation to respond in its own name after notice of a lawsuit or risk losing the right to remove. In any event, the Court believes that counsel responded properly and candidly. If problems have arisen, they are due to misunderstandings between the Court and Mr. Hillberry.

Plaintiff apparently persists in wanting "Wal-Mart" as a defendant. Consequently, the Court will add "Wal-Mart" as a defendant and require counsel for the Wal-Mart entities to file an answer or other responsive pleading within thirty (30) days. Of course, Plaintiff moves to add or remove such additional parties as he may choose and as the rules allow.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's decision denying the motion to remand is itself DENIED.

IT IS FURTHER ORDERED that "Wal-Mart" be listed as a Defendant in this action and existing counsel for Wal-Mart Stores East, L.P. or other counsel shall file an answer or other responsive pleading on behalf of "Wal-Mart" within thirty (30) days of the date of this order.

IT IS FURTHER ORDERED that Wal-Mart's motion for summary judgment is held in abeyance.

IT IS FURTHER ORDERED that Wal-Mart's motion for Rule 11 sanctions is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for partial summary judgment and for default judgment are each DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to compel answers to interrogatories is DENIED.

IT IS FURTHER ORDERED that other than the motions specifically ruled upon here, all other motions are DEEMED MOOT.

IT IS FURTHER ORDERED that the Court will set a conference on the record to discuss any and all other currently pending issues in the case.

cc:   Bruce Hillberry, *Pro Se*
      Counsel of Record